IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL JONES,

        Plaintiff,                    No. 2:10-cv-0396 JAM JFM P

    vs.

JOHN DOE, Warden, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 28, 2012, the district court entered partial summary judgment in this action. Specifically, summary judgment was entered in favor of defendant Barron on plaintiff's Fourth Amendment claim and in favor of defendants Bryant and Flaherty with respect to plaintiff's Eighth Amendment claims of inadequate medical care.

        On July 6, 2012, the United States Court of Appeals for the Ninth Circuit held in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) that pro se prisoner plaintiffs must be provided the notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1988) at the time a defense motion for summary judgment is filed. Woods, 684 F.3d at 936. Failure to do so "is ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail"

/////

on any claim for which summary judgment is sought. Id. at 941.  The court also stated that this rule applies to all pending and future cases.  Id.

Therefore, plaintiff is again advised that the requirements for opposing a motion for summary judgment are as follows:[1]  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for

/////

---

[1] Plaintiff was informed of these requirements in an order filed June 18, 2010. Defendants' motion for summary judgment was filed March 9, 2011.

1 summary judgment, whether opposed or unopposed, judgment will be entered for the defendant
2 without a trial and the case will be closed as to that defendant.
3       Good cause appearing, plaintiff will be granted a period of fifteen days from the
4 date of this order in which to file and serve a motion pursuant to Federal Rule of Civil Procedure
5 60(b) for relief from the grant of summary judgment to defendants Barron, Bryant and Flaherty if
6 he has relevant and material evidence to support these claims that was not presented to the court
7 in opposition to defendants' March 9, 2011 motion for summary judgment.  The court will
8 recommend denial of any Rule 60(b) motion filed by plaintiff that is unaccompanied by relevant
9 admissible evidence.
10       In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted
11 a period of fifteen days from the date of this order in which to file a Rule 60(b) motion in
12 accordance with this order.
13 DATED: October 23, 2012.

                                          UNITED STATES MAGISTRATE JUDGE

17 12
18 jone0396.o